UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

LOUELLA McGUIRE )
)
v. ) NO. 2:13-CV-99
)
ENCORE CAPITAL GROUP, INC., *ET AL.* )

**REPORT AND RECOMMENDATION**

Lila Sand, ("Sand"), one of the defendants in this Fair Debt Collection Practices Act case, has filed a motion which asks for two distinctly different kinds of relief. First, she asks that the purported service of process upon her be quashed. Secondly, she asserts that this court lacks *in personam* jurisdiction over her, as a result of which the action should be dismissed for that reason. (Doc. 22).

The motion has been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636.

The plaintiff has failed to respond to the motion, a tacit acknowledgment that the motion is well-taken, *Rule 7.2 of the Local Rules of the Eastern District of Tennessee*. Nevertheless, the motion to dismiss will be addressed on its merits.

The plaintiff in this court, Ms. McGuire ("McGuire"), was indebted to a company known as Beneficial Tennessee, Inc. As usual in the myriad of Fair Debt Collection Practices Act cases filed in this court, the original creditor, Beneficial, assigned the indebtedness to another entity, which apparently was Midland Funding, LLC, another

defendant in this case.

Midland filed a debt collection suit against Ms. McGuire on April 11, 2012, in the General Sessions Court for Sullivan County, Tennessee. That suit was based on a "Statement on Sworn Account" as authorized by Tenn. Code Ann. § 24-5-107. That Statement of Sworn Account consisted of the affidavit of Ms. Sand which she executed before a notary public in Stearns County, Minnesota (Doc. 1-2). That affidavit was Ms. Sand's only contribution to Midland's debt collection effort aimed at Ms. McGuire.

The issue raised by Ms. Sand's motion to dismiss is whether her execution of the affidavit, and its subsequent use by Midland in filing the debt collection suit in a Tennessee court against McGuire, lawfully subjects her to the jurisdiction of this court.

Tennessee's Long-Arm Statute, Tenn. Code Ann. § 20-2-214 provides the bases upon which a court in Tennessee may exercise personal jurisdiction over an individual. It provides in pertinent part:

> Persons who are non residents of Tennessee . . . are subject to the jurisdiction of the courts of this state as to any cause or claim for relief arising from:
> (1) the transaction of any business within the state;
> (2) any tortious act or omission within this state;
> * * *
> (6) any basis not inconsistent with the Constitution of this State or of the United States.

By its adoption of this statute, the Tennessee legislature intended to expand the jurisdiction of the Tennessee courts to the full extent allowable by the federal and Tennessee Constitutions. *Massada Inv. Corp. v. Allen*, 697 S.W.2d 332, 334 (Tenn. 1985).

*In personam* jurisdiction is of two types: general and specific. General jurisdiction

arises not by virtue of the non-resident actions that precipitated the litigation in the forum state, but rather as a result of the defendant's "continuous and systematic" contacts with the forum state. *See, Helicopters v. Hall*, 466 U.S. 408, 414 (1984). 882 F.2d 1087, 1089 (6th Cir. 1989). Specific jurisdiction, however, arises by virtue of the defendant's particular act in the forum state which spawned the litigation. Specific jurisdiction exists when the plaintiff establishes that the defendant purposely availed himself of the privilege of acting in the forum state or causing some consequence therein; the plaintiff's cause of action arose from those activities or consequences in the forum state; and those activities or consequences had a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable. There are some contacts so minimal that an attempted exercise of *in personam* jurisdiction would offend traditional motions of fair play and substantial justice. *See, e.g., Gregurek v. Swope Motors, Inc.*, 137 S.W.3d 882 (Tenn. App. 2004). It is in light of these principles of jurisdiction that the effect of Sand's execution of her affidavit will be considered as far as this court's jurisdiction is concerned.

Firstly, and very obviously, there is no basis to exercise *general* jurisdiction over Ms. Sand. According to her declaration, she never has had anything remotely approaching "continuous and systematic" contacts with Tennessee. If this court may constitutionally exercise *in personam* jurisdiction over her, it will be on the basis of *specific* jurisdiction, i.e., that McGuire's cause of action arose from activities, or consequences of activities, that occurred in Tennessee as a result of Sand's intentional utilization of the privilege of acting in this state.

Sand presumably knew her affidavit would be used by Midland to support its suit

against McGuire. It also is assumed that she knew that McGuire resided in Tennessee, and that Midland's suit would be filed here. Arguably, therefore, she knew her affidavit would "cause a consequence" in Tennessee. But, without intending to denigrate in any way in Ms. Sand's duties to Midland, she was a minor functionary who merely recited only what Midland's records showed, nothing more. This single activity of executing the affidavit was far from substantial enough a connection with Tennessee to make the exercise of jurisdiction over Ms. Sand reasonable. The contact was so minimal that any attempted exercise of *in personam* jurisdiction by this court "would offend traditional motions of fair play and substantial justice."

It is recommended that Ms. Sand's motion to dismiss, (Doc. 22), be GRANTED.[1]

Respectfully submitted:

                                                s/ Dennis H. Inman
                                        United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).